UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : M 05-0544 |
| | : CR 06-008(PLF) |
| LARRY GOOCH, | : |
| Defendant. | : |

FILED
JAN 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Larry Gooch, hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Carrying a Pistol Without a License (After Felony Conviction), in violation of 22 D.C. Code § 4504(a)(2), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant carried a pistol openly or concealed on or about his person;

2. That Defendant carried the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently;

3. That the pistol was operable, that is, it would fire a bullet;

4. That Defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

5. That at the time he carried the pistol, Defendant had been convicted of a felony, either in the District of Columbia or another jurisdiction.

Th essential elements of the offense of Unlawful Possession of a Controlled Substance, in violation of D.C. Code §33-541(d), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant possessed a controlled substance; and that

2. That Defendant did so knowingly and intentionally.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on October 21, 2005, at approximately 1:15 a.m., officers with the 5th District of the Metropolitan Police Department conducted a lawful traffic stop of a vehicle that was driven by defendant in front of 1948 Capitol Avenue, in NE Washington, DC. Upon effecting the traffic stop, the officers noticed defendant was moving towards his right side and they ordered him to show his hands. Defendant refused to do so, and a struggle ensued during which one of the officers recovered from defendant's waistband a .38 Caliber revolver, loaded with five rounds of ammunition. A search incident to arrest of defendant produced six ziplock bags containing a brown powder substance that subsequent DEA analysis proved to be heroin. Prior to October 21, 2005, defendant had been convicted of the following felony offenses, two of which are narcotics related: F-1685-87 (armed robbery); and F-6311-85 (distribution of heroin); and F-5357-85 (distribution of heroin). Finally, the pistol recovered on October 21, 2005, was test-fired and found to be operable.

This factual proffer is a summary of defendant's participation in the offenses of Carrying a Pistol Without a License (After Felony Conviction), Unlawful Possession of a Controlled Substance and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support defendant's guilty plea in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
ALEXANDER P. SHAWE
Assistant United States Attorney
D.C. Bar No. 472492
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4239
Washington, D.C. 20530
202-514-9519

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 1-12-06

LARRY A. GOOCH
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 1/12/06

CARLOS VANEGAS, ESQUIRE
Attorney for Defendant